The opinion of the Court was delivered by
Glover, J.
The object of the Act of 1816 (6 Stat. 27) was to check, by severe penalties, the practice of gaming, which, in the language of the preamble, tends to vice, misery and crime. A law so well calculated to promote good morals must be enforced if the offence charged come within its provisions. The intention of the Legislature and the general scope of the Act is manifest; but the defendant claims exemption from its penalties under a literal construction.
The words used are sufficiently explicit, without resorting to the reason and intention to control the strict letter. Governed by maxims of sound interpretation, the game alleged in the indictment is prohibited by the terms employed in the Act.
The 1st section prohibits, among other games which are enumerated, the gaming “ at any faro bank, or at any other table or bank of the same or the like kind, under any denomination whatsoever,” &c. The evidence showed, that “ the defendant *10 kept a bank and bet, managing “thimbles and balls, and paying the sums lost, or rather more generally, if not universally, receiving the sums won.” In the words of the Act, the game was “ at a bank” denominated Thimbles and Balls, and kept by the defendant, who played for a stake; and, in the absence of all evidence to the contrary, the Court will not critically inquire if it be a bank of the same or a like kind as those mentioned in the Act.
Nor can the defendant evade the law under the pretence that he was a juggler, and that the alleged game was an exhibition of his dexterity; because he kept a bank, and a wager depended on his success or failure.
If the prohibited games be confined to those alone in which the stake is won or lost by chance, the result would follow, that the gambler who relied on the practiced legerdemain of a juggler, whilst he professed that the stake depended on fortune, will escape punishment by playing falsely.
This Court is satisfied with the charge of the presiding Judge, and the verdict of the jury, and the motion is dismissed.
O’Neall, Wardlaw, Frost, Withers and Whitjnter, JJ., concurred.

Motion dismissed.